IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

EREO DEMARIOUS SCATES,

    Petitioner,

v.                                        No. 1:26-cv-01125-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DISMISSING PETITION WITHOUT PREJUDICE, DENYING CERTIFICATE OF
APPEALABILITY, AND CLOSING CASE

---

Pursuant to a judgment entered June 18, 2025, Petitioner, Ereo Demarious Scates, was sentenced to forty-six months' imprisonment for violating the conditions of his supervised release. (*United States v. Scates*, No. 1:18-cr-10036-JDB-2 (W.D. Tenn.), Docket Entry ("D.E.") 315; *United States v. Scates*, No. 1:13-cr-10107-JDB-1 (W.D. Tenn.), D.E. 138.)  He took a direct appeal of the judgment, which remains pending before the Sixth Circuit. (*United States v. Scates*, Nos. 25-5600, 25-6151 (6th Cir.).)  On June 9, 2026, Petitioner filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (D.E. 1 (the "Petition").)[1]  The Petition is before the Court for preliminary review in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Habeas Rules").

The rule requires that the district court dismiss a § 2255 petition "[i]f it plainly appears from the [petition], any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Habeas Rule 4(b).  That is the case here. The Sixth Circuit has held that,

---

[1] References to docket entries are to the instant case unless otherwise noted.

"in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (citations omitted); *see Joy v. United States*, No. 16-6494, 2017 WL 4513119, at *2 (6th Cir. Mar. 20, 2017) (same); *see also* Habeas Rule 5 advisory committee's note to 1976 adoption ("We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances." (citation omitted)). The Petition contains no suggestion of the existence of extraordinary circumstances that would justify consideration of the requested § 2255 relief during the pendency of the direct appeal.

Thus, as Scates's appeal of the June 18, 2025, judgment is pending and no extraordinary circumstances exist, it plainly appears to this Court that the filing is premature and that Scates is not entitled to relief at this time. The Petition is therefore DISMISSED without prejudice. *See Stover v. United States*, Nos. 1:06CV2664, 1:04CR298, 2006 WL 3241789, at *1-2 (N.D. Ohio Nov. 6, 2006) (dismissing § 2255 petition without prejudice on grounds that it was premature and plainly did not entitle the petitioner to present relief based upon pending direct appeal and absence of extraordinary circumstances).

Further, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Accordingly, a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c)(2); Habeas Rule 11(a).

The Clerk is DIRECTED to close this case.

IT IS SO ORDERED this 6th day of July 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

2